## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BECKLEY DIVISION

| | |
|---|---|
| **TERRY JAMES CHIDESTER, Jr.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **Civil Action No. 5:06-0173** |
| ) | |
| **GEORGE McCORMICK,** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |

### PROPOSED FINDINGS AND RECOMMENDATION

Pending are Plaintiff's Application to Proceed *In Forma Pauperis* and Motion to Withdraw and Dismiss Complaint. (Document Nos. 15 and 17.) By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 2.)

### FACTUAL AND PROCEDURAL HISTORY

On March 7, 2006, Plaintiff filed a Complaint in this matter alleging that Defendants "made false statements about the Plaintiff . . . imputing a homosexual relationship with [another inmate]." Plaintiff asserts that "[t]hese statements resulted in . . . a dangerous and unsafe environment for plaintiff ." (Document No. 1.)[1] On March 23, 2006, Plaintiff filed a motion seeking an extension of time to file an Application to Proceed *In Forma Pauperis*. (Document No. 3.) The Court granted Plaintiff's motion for extension of time and ordered Plaintiff to either pay the filing fee or file an

---

[1] Plaintiff also filed a Complaint which was designated *Chidester v. Frye, et al.*, Civil Action No. 5:06-0174 alleging that he has been isolated in the Control Unit for the past several years and that conditions are so harsh he is unable to concentrate on appealing his conviction and sentence. He further claims that he is prohibited from exhausting his administrative remedies because he has been denied postage stamps and access to a mailbox. (*Id.*, Document No. 1.)

Application to proceed *in Forma Pauperis* by January 2, 2007. (Document No. 7.) On February 5, 2007, Plaintiff filed his Application to Proceed Without Prepayment of Fees. (Document No. 9.) The undersigned entered an Order returning the Application to Proceed *in Forma Pauperis* as deficient on February 16, 2007. (Document No. 11.) The undersigned found Plaintiff's Application to be deficient because the Certificate portion at the end of the Application was not completed and Plaintiff failed to submit a certified copy of his trust fund account statement for the six-month period immediately preceding the filing of his Complaint as required under 28 U.S.C. § 1915(a)(2). (Id.) On March 6, 2007, Plaintiff filed an Amended Complaint in Case No. 5:06-0174. (Case No. 5:06-0174, Document No. 14.) On March 13, 2007, the Court received a letter from Plaintiff advising the Court that Plaintiff wrote the wrong case number on his Amended Complaint. (Civil Action No. 5:06-0173, Document No. 12 and Civil Action No. 5:06-0174, Document No. 15.) Plaintiff states that he incorrectly wrote Civil Action Number 5:06-0174, instead of Civil Action No. 5:06-0173, on his Amended Complaint. (Id.) Plaintiff's Amended Complaint filed in Civil Action No. 5:06-0174, included allegations related to Plaintiff's instant complaint that Defendants made false statements imputing a homosexual relationship between Plaintiff and other inmates. (Civil Action No. 5:06-0174, Document No. 14.) On December 27, 2007, Plaintiff re-filed his Application to Proceed Without Prepayment of Fees and Authorization to Release Institutional Account Information for Civil Action Nos. 5:06-0173 and 5:06-0174. (Civil Action No. 5:06-0173, Document Nos. 15 and 16.) The undersigned notes that Plaintiff's Application is again deficient because it contains no Certificate by a prison official indicating the current sum on account to Plaintiff's credit, the average balance of Plaintiff's account, and the monthly deposits to Plaintiff's account over the six-month period prior to his initiation of these proceedings. (Id.) On December 27, 2007, Plaintiff

also filed his Motion to Withdraw and Dismiss Complaint in the instant action. (Id., Document No. 17.) Plaintiff states that "due to interpersonal conflicts" he is unable to prosecute his cause of action and requests "the Court to enter an order granting his motion to withdraw and dismiss Case No. 5:06-0173, without prejudice." (Id.) The undersigned notes that Plaintiff did not file a Motion to Dismiss in Civil Action No. 5:06-0174.

## **ANALYSIS**

Federal Rule of Civil Procedure 41(a)(1)(A)(I) provides that a plaintiff may voluntarily dismiss an action without a Court Order by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment[.]" Rule 41(a)(1)(B) states in pertinent part, as follows:

> Unless the notice of dismissal or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal – or state – court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.

Rule 41(a)(2) of the Federal Rules of Civil Procedure provides that "[e]xcept as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." The purpose of the Rule respecting voluntary dismissal "is freely to allow voluntary dismissals unless the parties will be unfairly prejudiced." Davis v. USX Corp., 819 F.2d 1270, 1273 (4th Cir. 1987). "A plaintiff's motion under Rule 41(a)(2) should not be denied absent substantial prejudice to the defendant." Andes v. Versant Corp., 788 F.2d 1033, 1036 (4th Cir. 1986). It is well established that prejudice to the defendant does not result from the prospect of a second lawsuit. See Vosburgh v. Indemnity Ins. Co. of North America, 217 F.R.D. 384, 386 (S.D. W.Va. Sep. 12, 2003). In considering a Motion under Rule 41(a)(2), the District Court should consider the following relevant, but non-dispositive, factors: "(1) the opposing party's effort and

expense in preparing for trial; (2) excessive delay or lack of diligence on the part of the movant; (3) insufficient explanation of the need for a dismissal; and (4) the present stage of the litigation, i.e., whether a motion for summary judgment is pending." Id.

Defendants have neither filed an Answer to Plaintiff's Complaint nor otherwise pled. Accordingly, the undersigned respectfully recommends that Plaintiff's Motion requesting voluntary dismissal of this action be viewed under Federal Rule of Civil Procedure 41(a)(1)(A) and that the instant civil action be dismissed under Rule 41(a)(1)(A)(I) without prejudice. See e.g., Camacho v. Mancuso, 53 F.3d 48, 51 (4th Cir. 1995)(Rule 41(a)(1) "only allows a unilateral dismissal prior to a defendant's filing an answer to the complaint or filing a motion for summary judgment.")

**PROPOSAL AND RECOMMENDATION**

The undersigned therefore respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **GRANT** Plaintiff's Motion to Dismiss (Document No. 17.), **DENY** Plaintiff's Application to Proceed *in Forma Pauperis* (Document No. 15.) as moot, **DISMISS** this action without prejudice and remove this case from the Court's docket.

Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Thomas E. Johnston. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(e) and 72(b), Federal Rules of Civil Procedure, Plaintiff shall have three days (mailing/service) and then ten days (filing of objections) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

expense in preparing for trial; (2) excessive delay or lack of diligence on the part of the movant; (3) insufficient explanation of the need for a dismissal; and (4) the present stage of the litigation, i.e., whether a motion for summary judgment is pending." Id.

Defendants have neither filed an Answer to Plaintiff's Complaint nor otherwise pled. Accordingly, the undersigned respectfully recommends that Plaintiff's Motion requesting voluntary dismissal of this action be viewed under Federal Rule of Civil Procedure 41(a)(1)(A) and that the instant civil action be dismissed under Rule 41(a)(1)(A)(I) without prejudice. See e.g., Camacho v. Mancuso, 53 F.3d 48, 51 (4th Cir. 1995)(Rule 41(a)(1) "only allows a unilateral dismissal prior to a defendant's filing an answer to the complaint or filing a motion for summary judgment.")

**PROPOSAL AND RECOMMENDATION**

The undersigned therefore respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **GRANT** Plaintiff's Motion to Dismiss (Document No. 17.), **DENY** Plaintiff's Application to Proceed *in Forma Pauperis* (Document No. 15.) as moot, **DISMISS** this action without prejudice and remove this case from the Court's docket.

Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Thomas E. Johnston. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(e) and 72(b), Federal Rules of Civil Procedure, Plaintiff shall have three days (mailing/service) and then ten days (filing of objections) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155, 106 S.Ct. 466, 475, 88 L.Ed.2d 435 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.) *cert. denied*, 467 U.S. 1208, 104 S.Ct. 2395, 81 L.Ed.2d 352 (1984). Copies of such objections shall be served upon District Judge Johnston, and this Magistrate Judge.

The Clerk of this Court is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Plaintiff, who is proceeding *pro se*.

Date: August 22, 2008.

R. Clarke VanDervort
United States Magistrate Judge